| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 4:14-CR-91 (17) |
| | § | |
| ROLANDO MUNIZ | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Rolando Muniz's *pro se* motion (#928), wherein he challenges the manner in which the Bureau of Prisons ("BOP") has calculated the length of his sentence. Having considered the motion and the applicable law, the court finds that it does not have jurisdiction to rule on the merits of the motion and, therefore, transfers the motion to the appropriate district court for further proceedings.

I.   Background

On November 8, 2012, in the United States District Court for the Western District of Texas, in Case No. 5:11-CR-675, Muniz pleaded guilty to one count of Conspiracy to Conduct/Participate in the Affairs of an Enterprise Through a Pattern of Racketeering, in violation of 18 U.S.C. § 1962, and on January 10, 2014, he was sentenced to 180 months' imprisonment. Subsequently, on March 30, 2016, in the case at bar, Muniz pleaded guilty to Count 1, Conspiracy to Possess with the Intent to Manufacture and Distribute Cocaine, in violation of 21 U.S.C. § 846, and on January 6, 2017, he was sentenced to 405 months' imprisonment, which was ordered to run concurrently with his sentence in Case No. 5:11-CR-675. On April 11, 2018, his sentence of 405 months' imprisonment was reduced to 180 months' imprisonment, which was once again ordered to run concurrently with his sentence in Case No. 5:11-CR-675. Muniz now contends that

the BOP is incorrectly calculating his sentence by failing to run both sentences concurrently in accordance with the judgment.

II.     Analysis

Citing Rule 65 of the Federal Rules of Civil Procedure, Muniz seeks injunctive relief against the Bureau of Prisons ("BOP"). Muniz's reliance on Rule 65 is misplaced, however, as this is a *criminal* proceeding. *See* FED. R. CIV. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts[.]" (emphasis added)); *United States v. Moore*, 671 F. App'x 349, 350 (5th Cir. 2016) ("The rules of civil procedure do not apply in criminal cases"), *cert. denied*, 137 S. Ct. 2103 (2017); *United States v. Martinez-Tull*, 226 F. App'x 239, 240 (3d Cir. 2007) ("[Federal Rules of Civil Procedure] apply to civil cases, not criminal cases."); *Wilson v. Ives*, No. CV 09-5795-ODW (MAN), 2010 WL 2353376, at *5 (C.D. Cal. May 19, 2010) ("By definition, the Federal Rules of Civil Procedure do not apply to criminal cases."); *see also United States v. Holy Land Found. for Relief & Dev.*, 493 F.3d 469, 471 (5th Cir. 2007) (holding that the notice and hearing requirements of Rule 65 do not apply to restraining orders issued under the criminal forfeiture statute). In short, Rule 65 is without operative effect in this criminal proceeding.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) ("filings of a *pro se* litigant are 'to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))); *Thorn v. McGary*, 684 F. App'x 430, 432 n.2 (5th Cir. 2017) ("We liberally construe briefs of

pro se litigants."); *United States v. Fraley*, No. 92-1347, 1993 WL 481581, at *2 (5th Cir. Nov. 3, 1993) ("It is well settled that pro se papers must be construed liberally."); *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) ("*Pro se* prisoner complaints must be read in a liberal fashion."). Thus, despite this procedural error, the court is required to construe Muniz's motion, as a *pro se* defendant, under the appropriate statutory framework. *United States v. Lee*, 453 F. App'x 955, 956 (11th Cir. 2012) ("[T]he district court's special obligation to *pro se* defendants required it 'to look behind the label' of the motion 'and determine whether the motion [was], in effect, cognizable under a different remedial statutory framework.'") (quoting *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990)); *see Andrews v. United States*, 373 U.S. 334, 338 (1963) (citing *Heflin v. United States*, 358 U.S. 415 (1959)) (holding that the merits of a defendant's claims are not defeated by relying on incorrect titles in the defendant's motion).

Muniz's motion requests this court to review the manner in which the BOP has calculated the length of his sentence. The proper procedural vehicle for such a request is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015); *see United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988); *see also United States v. White*, 454 F. App'x 356, 357 (5th Cir. 2011); *Cain v. Menifee*, 269 F. App'x 420, 422-23 (5th Cir.), *cert. denied*, 555 U.S. 934 (2008); *Alzamora v. United States*, No. 1:14CV384, 2017 WL 4155099, at *3 (E.D. Tex. Sept. 19, 2017). As such, this court will consider Muniz's motion as if it were a § 2241 habeas petition.

It is well-established that a petition for writ of habeas corpus under § 2241, when filed by a defendant who is physically confined within the United States at the time of the motion, may only be considered by the district court in the jurisdiction where the defendant is confined.

*Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement."); *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."); *see Hartfield v. Quarterman*, 603 F. Supp. 2d 943, 956 (S.D. Tex. 2009) (holding that the proper jurisdiction for a confined defendant bringing a § 2241 habeas petition was the Eastern District of Texas, where the defendant was confined, not the Southern District of Texas, where the defendant was convicted and sentenced).  Here, Muniz currently is, and was at the time of his motion, confined in the Federal Correctional Institution in Fairton, New Jersey, which is within the jurisdiction of the District of New Jersey.  This court, therefore, lacks jurisdiction to address the merits of Muniz's motion.  A district court that receives a § 2241 habeas petition but lacks jurisdiction, however, may transfer the petition to the appropriate federal district court.  *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 25 (D.D.C. 2011).

III.  Conclusion

Accordingly, the court transfers Muniz's *pro se* Petition for Writ of Habeas Corpus (#928) to the District of New Jersey, where Muniz is confined, for further proceedings.

SIGNED at Beaumont, Texas, this 17th day of June, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE